IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO: 3:16-CV-00819

| | |
|---|---|
| JUSTIN DRISKELL,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT CONTRACTING GROUP, INC.,<br><br>Defendant. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES** |

Defendant SUMMIT CONTRACTING GROUP, INC. ("Summit") opposes Plaintiff JUSTIN DRISKELL's ("Plaintiff") second motion for attorneys' fees, filed on November 20, 2020 (ECF 131) (the "Motion"), as follows.

## I. BOTTOM LINE UPFRONT

Plaintiff seeks to supplement the Court's previous award of $441,600 in attorneys' fees with a second petition for attorney and staff time in the amount of $224,955 (comprised of $38,850 in fees for purported pre-appeal attorney time and the remaining $186,105 in fees purportedly incurred on appeal to the U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit")).

The Court should deny the Motion. Attorneys' fees under the North Carolina Retaliatory Discrimination Act ("REDA") are purely discretionary and the statute does not expressly authorize this Court to award fees for attorney time incurred on appeal. Furthermore, the $38,850 in fees for purported pre-appeal attorney time is long-waived for want of a timely filing under Rule 54(d), Federal Rules of Civil Procedure. Plaintiff offers no justification, let alone a credible one, for filing its Motion as to those purported fees over (600) days late.

Alternatively, if the Court does not deny the Motion outright, it should substantially reduce the fee award. The Motion seeks unrecoverable fees for prosecuting a cross-appeal, for overhead in the form of staff time, and further for vague and indiscernible tasks for which this Court cannot make a reasonableness determination. The Court should reduce the fee award by no less than $41,475 to account for these unrecoverable fees.

## II.     BACKGROUND

This case was tried to jury, which returned a verdict for Plaintiff: $65,000 under REDA and wrongful discharge, $4,000 for battery and negligence, and $681,000 in punitive damages. (ECF 52.) The Clerk entered judgment on February 6, 2018. (ECF 53.)

The Court's post-trial orders and amended judgment, together, dismissed Plaintiff's battery and negligence claims; reduced the punitive damage award to $250,000; required Plaintiff to elect his remedy between REDA (allowing attorneys' fees and treble damages) and wrongful discharge (allowing punitive damages); and awarded $441,600 in attorneys' fees. (ECF 85, 114.) The Court filed its last amended judgment on March 28, 2019 (ECF 114), before Summit *and* Plaintiff appealed to the Fourth Circuit (ECF 114-15, 116).

The Fourth Circuit upheld this Court's amended judgment, in principal, but reversed to the extent it precluded Plaintiff from achieving REDA attorneys' fees and the punitive damages awarded under wrongful discharge. (ECF 126.) Plaintiff subsequently sought an amended judgment from this Court accounting for: $65,000 under REDA, $250,000 in punitive damages, and $441,600 in attorneys' fees, along with pre-judgment and post-judgment interest. (ECF 135-1.) Summit opposed the amended judgment by brief filed on December 10, 2020. (ECF 136.)

Plaintiff did not file a second motion for attorneys' fees until after the Fourth Circuit entered its mandate on November 6, 2020. (ECF 128.) The second and instant motion for fees improperly seeks attorney time for pre-appeal work, for work defending the judgment on appeal, for work prosecuting Plaintiff's own appeal, and for <u>seven</u> attorneys, all with unreasonable time incurred in light of the circumstances. (*Id.*)

## III. STANDARD

District courts *may* award a REDA plaintiff "the reasonable costs and expenses, including attorneys' fees, of the plaintiff <u>in bringing the action.</u>" *See* N.C. GEN. STAT. ANN. § 95-243 (emphasis added).

According to Local Rule 46(e) of the Fourth Circuit, "[t]he Court may award attorney's fees and expenses *whenever authorized by statute*. Any application for an award must include a reference to the statutory basis for the request . . . ." Local Rule 46(e) (emphasis added).

Additionally, the Fourth Circuit's Appellate Procedure Guide provides "[U]nder the 'American rule,' attorney's fees for appellate work are generally not recoverable absent <u>express</u> contractual or statutory authorization." *App. Proc. Guide*, 'Costs and Attorney's Fees' (*citing* 28 U.S.C. § 1912; 28 U.S.C. § 1927; 42 U.S.C. § 1988; FED. R. APP. P. 38) (emphasis added). Indeed, under the American Rule—a cornerstone of our jurisprudence for nearly two hundred years—each party is required to bear the cost of his own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wildnerness Soc'y*, 421 U.S. 240, 247 (1975) (holding "it would inappropriate for the judiciary, without legislative guidance, to reallocate the burdens of litigation . . . ."). *Id.*

## IV. ARGUMENT

The Court should deny Plaintiff's motion for attorneys' fees because Plaintiff is time barred from seeking fees incurred pre-appeal and REDA does not authorize attorneys' fees

incurred on appeal.  If the Court should decide to grant Plaintiff's motion, it should reduce Plaintiff's request for unreasonable fees as well as those incurred as a result of Plaintiff's cross appeal.

> **A.  PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES BECAUSE HIS REQUEST FOR PRE-APPEAL FEES IS WAIVED AND BECAUSE REDA DOES NOT AUTHORIZE AN AWARD OF FEES INCURRED ON APPEAL.**

### 1. *Pre-Appeal Fees ($38,805)*

The Court should deny Plaintiff's motion for attorneys' fees incurred prior to the parties' appeal as untimely, excluding $38,805 in purported fees.  An accounting of these fees is attached as *Exhibit A*.

Following entry of the Clerk's judgment (ECF 53), Plaintiff timely filed his first motion for attorneys' fees incurred through the date of that motion: February 20, 2020.  This Court thereafter amended the judgment to account for, among other things, an award of $441,600 in attorneys' fees (the "Amended Judgment").  (ECF 114.)  Plaintiff never filed a motion for attorneys' fees to capture time incurred litigating post-trial motions following the Amended Judgment, and the time for such motion has long-expired.  *See* FED. R. CIV. P. 54(d)(2)(b)(i) (motion for fees "must be filed no later than 14 days after the entry of judgment . . . ").

Plaintiff is precluded from alleging confusion as to the timeline for filing a petition after the entry of the judgment on the post-trial motions because the Fourth Circuit has ruled on this exact issue.  In *Barghout v. Bureau of Kosher Meat & Food Control*, the district court ruled on the post-trial motions, and like Plaintiff, the successful litigant did not file a motion for attorneys' fees and costs until after the decision of the Fourth Circuit.  *Id.*, 1998 U.S. App. LEXIS 7829, at *2-3 (4th Cir. 1998).  The Fourth Circuit cited to FRCP 54(d)(2)(B) as governing the time for filing all motions for attorneys' fees after the entry of any order from

which an appeal lies. *Id.* at 5-6. The Fourth Circuit reversed the district court's award of fees reasoning the motion was "obviously" not timely "insofar as it sought reimbursement for time attributable to proceedings in the district court prior to the initial appeal." *Id.* at 5.

While Plaintiff could have filed a motion arguing excusable neglect, he has failed to do so and such failure has tied the court's hands as to its ability to extend the deadline on its own motion. *See Gaskins v. BFI Waste Servs., LLC.*, 281 Fed. Appx. 255, 259 (4th Cir. 2008) ("district court was not empowered, under the plain terms of rule 6(b)(1) to extend the deadline on its own motion."). However, even if Plaintiff filed such motion, it would not be successful. The Supreme Court has stated "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *See also Mouly v. E.I. DuPont de Nemours Co.*, 1999 WL 366541, at *1 (4th Cir. 1999) ("Misunderstanding of the applicable time period is a ground which normally will not justify a finding of excusable neglect.").

Plaintiff is barred from seeking attorneys' fees incurred for post-trial motions because the time for filing this motion expired no later than April 11, 2019—fourteen days from this Court's entry of the Amended Judgment. Plaintiff's failure to file such motion cannot be excused. As the Fourth Circuit has previously stated, "Plaintiffs' lawyers *should have known* the correct answer to the filing question—that the district court's resolution of…post-trial motions…constituted the entry of judgment under Rule 54(d)(2)(B), and that the fee petition was due fourteen days thereof." *Gaskins*, 281 Fed. Appx. at 260 (emphasis added). This Court would have, after all, retained jurisdiction in the case to address post-judgment, pre-appeal attorneys' fees, notwithstanding Summit's notice of appeal, had Plaintiff so moved. *United*

*States v. 23,400.00 in United States Currency*, No. 1:05CV310, 2007 U.S. Dist. LEXIS 26042, at *5 (W.D.N.C. Apr. 9, 2007)

Therefore, the Court should deny Plaintiff's motion for attorneys' fees incurred for post-trial motions as untimely, thus excluding $38,805 in purported fees, as demonstrated by <u>Exhibit A</u>.

### 2. *Fees Incurred on Appeal ($186,105)*

The Court should deny Plaintiff's motion for $186,105 in attorneys' fees as to the remaining time incurred on appeal because REDA does not authorize appellate fees.

In North Carolina, a trial court may award attorney's fees only as authorized by statute. *See City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *N.C. Dep't of Corr. V. N.C. Med. Bd.,* 363 N.C. 189, 201, 675 S.E.2d 641, 649 (2009).

Here, the REDA statute is unambiguous and does not require judicial interpretation. REDA expressly provides that a plaintiff may be awarded attorneys' fees in connection with "bringing an action." *See* N.C. GEN. STAT. ANN. § 95-243. By its plain language, this phrase refers to plaintiff's decision to file a complaint and pursue its claims in the trial court until judgment. If the plaintiff is successful in bringing its action, REDA allows the court to assess the costs associated with pursuing the action against the defendant. Significantly, the statute does not contemplate awarding attorneys' fees incurred on appeal as it does not include the terms "appeal" and/or "appellate" in any provision in the statute.

Plaintiff cannot attempt to manipulate the phrase "bringing an action" to include the appellate process because "action" is unambiguous (ie, one that has a "definite and well known

sense in the law.") *Fid. Bank v. N.C. Dep't of Revenue*, 370 N.C. 10, 19 (2017).  North Carolina law defines "action" as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense."  N.C. GEN. STAT. § 1-2.

Further, REDA uses the term "action" uniformly throughout the statute to refer to a "civil action" in the trial court.  "Parts of the same statute dealing with the same subject matter must be considered and interpreted as a whole." *State ex rel. Comm'r of Ins. V. N.C. Auto. Rate Admin. Office*, 294 N.C. 60,66, 241 S.E.2d 324, 328 (1978); *see* N.C. GEN. STAT. 95-24 ((a) "An employee . . . may commence a civil action in the superior court . . . " (b) "A civil action under this section . . . "; (d) "Parties to a civil action brought pursuant to this section shall have the right to a jury trial . . . .").

However, notably, it is with the Court's entry of a judgment that an employee's action concludes and procedurally, an employer's appeal may begin.  Over four years ago, Plaintiff brought an action in this Court when he filed his complaint in which he sought to prosecute Defendant for the redress of a wrong pursuant to REDA.  Plaintiff prevailed at trial and on February 26, 2018, Plaintiff's action concluded with this Court's entry of a judgment.  (ECF 53).

Additionally, REDA does not mandate that attorneys' fees be granted to Plaintiff.  Rather, the statute states that "the court *may* award to the plaintiff and assess against the defendant the reasonable costs and expenses, including attorneys' fees, of the plaintiff in bringing an action pursuant to this section."  *See* N.C. GEN. STAT. 95-243(c) (emphasis added).  By stating that the trial court "may" award attorneys' fees to the prevailing party, attorney fee awards under . . . REDA 'rest with the sound discretion of the trial judge.'" *Carter v. St.*

*Augustine's Univ.*, 2018 N.C. App. LEXIS 1134, 31 (N.C. Ct. App. 2018) (affirming trial court's denial of Plaintiff's request for attorneys' fees under REDA).

Therefore, the Court should deny Plaintiff's motion for attorneys' fees because REDA does not provide for attorneys' fees incurred on appeal.

**B. ALTERNATIVELY, THIS COURT SHOULD REDUCE THE REQUESTED FEE AWARD TO EXCLUDE TIME INCURRED PROSECUTING THE CROSS-APPEAL AND FOR OTHER UNREASONABLE, DUPLICATIVE AND VAGUE ATTORNEY TIME.**

*1. Fees for Plaintiff's Cross-Appeal (at least $9,540)*

REDA does not allow a party to be awarded attorneys' fees incurred on appeal, let alone as a result of a cross appeal. *See* N.C. GEN. STAT. ANN. § 95-243 (omitting terms "appeal," "appellate," and "cross appeal"). "Plaintiff should not recover attorneys' fees incurred on appeal in an effort to reverse rulings adverse to him, regardless of whether Plaintiff would have independently elected to pursue any appeal or discretionary review, and whether such efforts were made only after Defendants had first appealed or sought discretionary review." *Morris v. Scenera Research, LLC,* 2016 NCBC LEXIS 101, at *31 (N.C. Super. Ct. Dec. 19, 2016) (declining to award attorneys' fees incurred on cross appeal under REDA).

From what little Summit can conclude from Plaintiff's billing, an exclusion of time associated with Plaintiff's cross appeal would reduce the award by at least $9,540. An accounting of these fees is attached as *Exhibit B*.

*2. Unreasonable Time Entries (at least $31,935)*

The Court should deny Plaintiff's motion for attorneys' fees as unreasonable. Or in the alternative, the Court should reduce the fees to a reasonable amount, not less than $31,935.

If the Court were to decide that Plaintiff should be awarded attorneys' fees, Plaintiff must still prove by ***clear and convincing*** evidence the reasonableness of the proposed fee, calculated

as the number of hours reasonably expended and multiplied by the reasonable rate. *See Hensley v. Eckerhart,* 461 U.S. 424 (1983) (emphasis added).

"In making this determination, the court should not simply accept as reasonable the number of hours reported by counsel." *Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. 5*, 2007 WL 1302692, at *2 (D.S.C. May 2, 2007). Courts consider the following factors:

> (1) the time and labor expended;
> (2) the novelty and difficulty of the questions raised
> (3) the skill required to properly perform the legal services rendered;
> (4) the attorneys' opportunity costs in pressing the instant litigation;
> (5) the customary fee for like work;
> (6) the attorneys' expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount in controversy and results obtained;
> (9) the experience, reputation, and ability of the attorney;
> (10) the undesirability of the case within the local legal community;
> (11) the nature and length of the professional relationship between the attorney and client; and
> (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226, n.28 (4th Cir. 1978).

### a. "Senior Support Staff" ($3,990.00)

The Court should deny Plaintiff's request for fees for work performed by senior support staff and assisting support staff. Plaintiff seeks $3,990.00 for 29.2 hours at a respective rate of $150 and $100 per hour for senior support staff and assisting support staff. (ECF 132-1 p. 22, 23.) Plaintiff's fee petition should be reduced by this amount.

As in Plaintiff's first motion for attorneys' fees before this Court, Plaintiff has still not submitted any information as to the skills, training, and/or experience of the support staff.

Although Plaintiff claims a fee difference of $50 between "senior" support staff and "assisting" support staff, Plaintiff has failed to distinguish between the qualifications and/or duties required of either position to support a difference in their fee. Without providing any qualifications for the Court to assess prohibits the Court from being able to make any reasonableness assessment of the hours billed. *See Dyer v. City of Gastonia*, 2016 WL 4443190 at *5 (W.D.N.C. Aug. 19, 2016) (noting concern with billing for "interns of unknown qualifications").

Further, Plaintiff has submitted a slew of billing time entries for non-reimbursable clerical tasks such as "update file," "document formatting," "coordinate production of CD for Court," and travel. (ECF 132-1 p. 20-23.) "Hours claimed by a legal secretary or legal assistant are considered overhead for the firm and therefore are not recoverable." *United States Trouser, S.A. de C.V. v. Int'l Legwear Group, Inc.*, No. 1:11-cv-00244-MR-DLH, 2013 U.S. Dist. LEXIS 53822, at *2 (W.D.N.C. April, 16, 2013). Clerical tasks should be "subsumed in [the] law firm's overhead" and should be disallowed or limited. *Triplett v. North Carolina Dep't of Pub. Safety*, 2017 WL 3840422 at *5 (W.D.N.C. Sept. 1, 2017).

Moreover, many of these billing entries are overly vague such as "check file," "communicate with Court of Appeals," and "document formatting." (ECF 132-1.) Vague billing descriptions are disfavored, particularly when they do not provide "sufficient information" for this court to review the reasonableness of the tasks performed. *See Eschert v. City of Charlotte*, 2017 WL 3840275 at *4 (W.D.N.C. Sept. 1, 2017). By submitting overly vague billing descriptions, the Court cannot adequately evaluate the time submitted for the proposed task in relation to the respective fee.

This Court previously denied Plaintiff's request for the fees of support staff—setting the law of the case—and the Court should do so again. (ECF 114 p. 10-11.) Like Plaintiff's last fee

petition, Plaintiff has failed again to provide the Court with any information to allow the Court to conclude that the requested fees are reasonable and as such, Plaintiff has failed to meet his burden.

Therefore, the Court should deny Plaintiff's request for fees of support staff in the total amount of $3,990.00.

### b. Vague and Overly Broad Time Entries (at least $27,945)

The Court should deny and/or reduce Plaintiff's request for attorneys' fees because Plaintiff counsel's billing entries are vague and overly broad, excluding at least $27,945[1] in purported fees. An accounting of these fees is attached as *Exhibit C*.

Plaintiff counsel's vague and overly broad billing entries prevent the Court from adequately evaluating the reasonableness of the fee charged for the time submitted for the proposed task. Billing entries must "describe specifically the tasks performed" and vague billing entries impair the Court's ability to make an assessment on the reasonableness of time expended in a case. *Hardwood v. Am. Airlines, Inc.*, No. 2019 U.S. Dist. LEXIS 138844, 2019 WL 3244200, at *4 (E.D. Va. May 16, 2019). Plaintiff's counsel has submitted broad and general entries for lead counsel such as "assist with designations," "additional work on notice of appeal," and "prepare for oral argument." The billing entries for the associates also include ambiguous entries such as "practice with Justin," "Election of remedies brief," and "Reply brief."

Plaintiff counsel's billing entries present more questions than answers as counsel and the Court are forced to guess as the meaning of "practice with Justin" and what work was specifically performed on the "Reply brief." In reducing an attorneys' fee award, the court in *Lipsett v. Blanco* stated the billing records contained "gauzy generalities . . . so nebulous that they fail to allow the paying party to dispute the accuracy of the records as well as the

---

[1] Excludes plaintiff's request for pre-appeal attorney time.

reasonableness of the time spent." 975 F.2d 934, 938 (1st Cir. 1992). The Fourth Circuit has frequently "exhorted counsel to describe specifically the tasks performed." *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994). Here, Plaintiff counsel's billing entries are too vague to understand. Counsel and the Court cannot accurately evaluate the billing entries when it is unclear what work was performed.

Therefore, the Court should deny and/or reduce Plaintiff's request for attorneys' fees as they are overly vague.

### c. Redundant and Excessive Time Entries

The Court should deny and/or reduce Plaintiff counsel's request for attorneys' fees because the entries are redundant and excessive. Plaintiff counsel has submitted billing entries for the work of seven attorneys, including one lead counsel, five associates, and one outside counsel.

"Generalized billing by multiple attorneys on a large case often produces unacceptable duplication," *Id.* at 180, and frustrates the court's ability to make sure those attorneys made a "distinct contribution by their presence [at] or participation in" the work billed, *Hudson v. Pittsylvania Cty. Va.*, 2013 U.S. Dist. LEXIS 120606, 2013 WL 4520023, at *7 (W.D. Va. Aug. 26, 2013) (*citing Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1360 (4th Cir. 1995)). For example, Plaintiff's counsel routinely billed for time they and outside counsel spent communicating with each other but failed to demonstrate how each contributed to the work and/or conference. (ECF 132-1 [*Associate Time*: "Call with co-counsel LJW re WC exclusivity and brief strategy;" "Phone call with co-counsel re: reply brief;" and "Phone call to JVK; docketing oral argument] [*Laura J. Wetsch*: "Telephone Conf. with JVK/NH regarding Brief (status and arguments)]".)

The decision to reduce hours based on unjustified overstaffing or duplicative attorney efforts "falls soundly within the district court's proper discretion in determining an attorneys' fee award." *Trimper v. city of Norfolk*, 58 F.3d 68, 76 (4th Cir. 1995). While there is no single, correct way to staff every lawsuit, there still "should be some appreciable benefit in terms of efficiencies as a result of expertise." *Doe v. Alger*, 2018 U.S. Dist. LEXIS 165957, 2018 WL 4655749, at *9 (W.D. Va. Sept. 27, 2018). Here, rather than efficiencies, it appears that Plaintiff's counsel expended time on tasks which could have been accomplished by one experienced attorney.

Therefore, the Court should deny and/or reduce Plaintiff counsel's request for attorneys' fees which are redundant and excessive.

### C. CONCLUSION

Plaintiff's request for attorneys' fees is unauthorized and should be denied. Plaintiff cannot refer to a statute or Rule of Civil Procedure which allows the Court to award Plaintiff attorneys' fees incurred post-trial or on appeal. However, if the Court were to award Plaintiff attorneys' fees, the Court should reduce the requested amount by the fees incurred for Plaintiff's cross appeal, the non-recoverable fees for support staff, and the fees associated with Plaintiff counsel's vague, excessive, and redundant billing entries. Therefore, the Court should deny and/or reduce Plaintiff's Second Motion for Attorneys' Fees.

*[signature page follows]*

## CERTIFICATE OF LENGTH

I hereby certify the foregoing response brief contains 3,758 words, as counted by Microsoft Word's 'word count' function, inclusive of headings, footnotes, quotations and citations, and thereby complies with the Court's May 14, 2007 standing order.

Respectfully submitted,

TURNER, PADGET, GRAHAM AND LANEY, P.A.

 s/ Hannah D. Stetson
Hannah D. Stetson (NC Bar No. 44826)
E-mail:hstetson@turnerpadget.com
Reginald W. Belcher (admitted *pro hac vice*)
E-mail: rbelcher@turnerpadget.com
R. Taylor Speer (admitted *pro hac vice*)
E-mail: tspeer@turnerpadget.com

PO Box 1473
Columbia, SC 29202
Telephone: (803) 227-4240
Fax: (803) 400-1539

*Attorneys for Defendant Summit Contracting Group, Inc.*

December 11, 2020

TPGL 10842450v5 13546.00111

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2020, I caused a true and correct copy of the foregoing motion to be served electronically using the Court's CM/ECF system, which provides electronic service upon each party by email to the recipients below:

VAN KAMPEN LAW, PC

Josh Van Kampen: josh@vankampenlaw.com
Nicole Katherine Haynes: nicole@vankampenlaw.com

315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: 704-247-3245
Facsimile: 704-749-2638

TURNER, PADGET, GRAHAM AND LANEY, P.A.

s/ Hannah D. Stetson
Hannah D. Stetson (NC Bar No. 44826)
E-mail: hstetson@turnerpadget.com
Reginald W. Belcher (admitted *pro hac vice*)
E-mail: rbelcher@turnerpadget.com
R. Taylor Speer (admitted *pro hac vice*)
E-mail: tspeer@turnerpadget.com

PO Box 1473
Columbia, SC 29202
Telephone: (803) 227-4240
Fax: (803) 400-1539

*Attorneys for Defendant Summit Contracting Group, Inc.*