UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00819-FDW-DCK

| | |
|---|---|
| JUSTIN DRISKELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SUMMIT CONTRACTING GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Justin Driskell's Motion for Attorney's Fees (Doc. No. 131) incurred from his successful defense of Defendant's appeal and cross-appeal (Doc. Nos. 115, 119) in relation to his previous successful claim for violation of the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq.* (Doc. Nos. 1, 52). Defendant opposes the Motion. (Doc. No. 137). For the reasons that follow, Plaintiff's Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Following trial, a jury entered a verdict in favor of Plaintiff finding Defendant terminated Plaintiff's employment and in doing so, violated North Carolina's Retaliatory Employment Discrimination Act ('REDA") and Wrongful Discharge in Violation of Public Policy ("WDPP"). (Doc. No. 52, pp. 1-2). The jury found Plaintiff was entitled to $65,000 for the REDA claim and the wrongful discharge in violation of public policy claim. Id. The jury also returned a verdict in favor of Plaintiff which awarded him $4,000 for each claim of battery, negligent supervision, and retention claims. Id. at 2-3.

Following post-trial motions, this Court reversed the jury verdict for Plaintiff on his tort

1

claims and affirmed the verdict with respect to Plaintiff's REDA and WDPP termination claims. (Doc. No. 85). The Court held Plaintiff was required to choose between a $250,000 punitive-damages award for the wrongful-discharge claim or attorney's fees under REDA.[1] Plaintiff chose to collect $195,000 in trebled compensatory damages and $441,600 in attorney's fees. Defendant appealed the judgment to the Fourth Circuit which led to Plaintiff's cross-appeal to protect his interests. (Doc. Nos. 93, 97). On November 6, 2018, the Fourth Circuit dismissed the Plaintiff's and Defendant's appeals for lack of jurisdiction because the order that the parties sought to appeal was neither a final order not an appealable interlocutory or collateral order. (Doc. No. 106).

Following return of its jurisdiction, this Court entered its Order ruling that Plaintiff was not permitted to make the election of remedies he chose and was instead required to choose between the common law WDPP and statutory REDA remedies. (Doc. No. 114). On April 25, 2019, Defendant once again appealed to the Fourth Circuit, with Plaintiff filing his cross-appeal on May 8, 2019. (Doc. Nos. 115, 119). On September 24, 2020, the Fourth Circuit rejected Defendant's arguments on appeal, and reversed this Court's Order requiring Plaintiff to elect between punitive damages and attorney's fees. (Doc. No. 126). On November 18, 2020, this Court entered an Order directing Plaintiff to submit a proposed judgment in accordance with the Fourth Circuit's opinion and mandate. (Doc. No. 129). In that Order, Defendant was directed to submit any objections to Plaintiff's proposed judgment within seven calendar days from its filing. Id.

On December 3, 2020, Plaintiff filed his Proposed Judgment (Doc. No. 135), and Defendant filed its Response in Opposition (Doc. No. 136) seven days later. The Court entered

---

[1] The Court reasoned that North Carolina law prevents duplicative remedies, see United Labs., Inc. v. Kuykendall, 437 S.E.2d 374, 379 (N.C. 1993), and that the award of punitive damages and attorney's fees were based on the same conduct.

Judgment in favor of Plaintiff which included punitive damages, compensatory damages, and attorney's fees. (Doc. No. 142). Plaintiff has also filed a Motion for Attorney's Fees (Doc. No. 131) arising out his successful cross-appeal and defense (Doc. No. 119) of Defendant's appeal (Doc. No. 115) to the Fourth Circuit. On December 11, 2020, Defendant filed its Memorandum in Opposition to Plaintiff's Second Motion for Attorney's Fees. (Doc. No. 137). In short, Plaintiff seeks an award under REDA for attorney's fees in the amount of $224,955, based on work required to successfully defend his recovery on appeal.

## II. MOTION FOR ATTORNEY'S FEES

Plaintiff succeeded on the statutory claims that allow for the recovery of attorney's fees. Under REDA, the Court may, in its discretion, "award to the plaintiff and assess against the defendant the reasonable costs and expenses, including attorney's fees, of the plaintiff in bringing an action pursuant to this section." N.C. Gen. Stat. § 95-243(c) (2017). Plaintiff is seeking a lodestar fee in the amount of $224,955. Defendant *disputes* that Plaintiff is entitled to attorney's fees under REDA, or in the alternative, argues Plaintiff's requested amount is unreasonable and should be reduced accordingly. (Doc. No. 137).

When awarding attorney's fees, courts must assess whether the amount requested by the moving party is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The result of this calculation, the lodestar figure, is strongly presumed to be reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). In assessing the lodestar figure, courts consider twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974):

>(1) the time and labor required to litigate the suit;
>(2) the novelty and difficulty of the questions presented by the lawsuit;

        (3) the skill required properly to perform the legal services;
        (4) the attorney's opportunity costs in pursuing the litigation;
        (5) the customary fee for such services;
        (6) whether the fee is fixed or contingent;
        (7) time limitations imposed by the client or the circumstances;
        (8) the amount in controversy and the results obtained;
        (9) the experience, reputation, and ability of the attorney;
        (10) the undesirability of the case;
        (11) the nature and length of the attorney's professional relationship with the client; and
        (12) awards in similar cases.

See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1986) (adopting the Johnson factors).

Defendant asserts collecting attorneys' fees under REDA is purely discretionary and the statute does not expressly authorize this Court to award fees for attorney time incurred on appeal. (Doc. No 137). Furthermore, Defendant argues the $38,850 in fees for pre-appeal attorney is waived for want of a timely filing under Rule 54(d) of the Federal Rules of Civil Procedure. Id. As to REDA, the Court agrees, in so far as, awarding attorneys' fees under the statute is within this Court's discretion. See N.C. Gen. Stat. § 95-243(c) (2017). The Court finds counsel's billing entries adequately describe the work performed on behalf of the Plaintiff and provide sufficient information for the Court to review the tasks performed. None of the billing entries were excessive or redundant. The complex nature of this case and spending long hours on appellate motions before the Fourth Circuit is reasonable particularly when Plaintiff prevailed on defending his interests.

The Court, however, disagrees with Defendant's assertion that REDA does not authorize the awarding of attorneys' fees on appeal. The North Carolina Court of Appeals has held that when a party, not just a plaintiff bringing the action, is entitled to attorney's fees in obtaining their judgment, any effort to protect that judgment should also entitle the party to attorney's fees. See Cotton v. Stanley, 94 N.C. App. 367, 370 (1989) (holding plaintiffs were "entitled to legal fees for prosecuting the appeal as well as for the preparation for retrial"); City Fin. Co. of

Goldsboro v. Boykin, 86 N.C. App. 446, 450 (1987) (granting attorney's fees for time expended on appeal). In Hill v. Jones, the Court also held trial courts have the authority to award attorneys' fees for all phases of a case, including costs on appeal. 26 N.C. App. 168, 170 (1975). Therefore, the Court finds Plaintiff is entitled to attorneys' fees on appeal.

Here, after considering all relevant facts and circumstances, the Court concludes $220,965 is a reasonable fee based on the actual rates and hours spent by Plaintiff's counsel. Upon review of the affidavit of attorney Nicole Haynes, the accompanying billing records, and affidavits from various employment litigators across North Carolina, the Court awards Plaintiff his requested lodestar amount after deducting fees for support staff. This case was a complex one which entailed multiple appellate motions before the Fourth Circuit. As a result, this case required attorneys of skill and experience to expend a significant amount of time to pursue or defend these claims. Skills commensurate with the skills of Plaintiff's counsel were necessary.

The record before this Court, similar to Plaintiff's first Motion for attorneys' fees, is insufficient to show the support staff provided professional legal services that required a legal training or background or that the fees for the services are commensurate with the skills and experience of the support staff. Plaintiff has provided no information about the skills, training and or experience of the Senior and Assisting Support Staff other than the assertion from other attorneys that their respective billing rates of $150 and $100 per hour are "reasonable" for the area. Failing to provide any qualifications for the support staff prevents this Court from being able to make any reasonableness assessment of the hours billed, See Dyer v. City of Gastonia, 2016 WL 4443190 at *5 (W.D.N.C. Aug. 19, 2016) (noting concern with billing for "interns of unknown qualifications"); see also United States Trouser, S.A. de C.V. v. Int'l Legwear Group, Inc., No. 1:11-cv-00244-MR-DLH, 2013 U.S. Dist. LEXIS 53822, at *2 (W.D.N.C. April 16,

5

2013) ("Hours claimed by a legal secretary or legal assistant are considered overhead for the firm and are therefore not recoverable." (citations omitted)).

Additionally, the billing entries for the Senior and Assisting Support Staff time are replete with clerical tasks and overly vague entries such as "update file" or "communicate with attorney." (Doc. No. 132-1, pp. 20-23). The clerical tasks should be "subsumed in [the] law firm's overhead" and should be disallowed or limited. Triplett v. North Carolina Dep't of Pub. Safety, 2017 WL 3840422 at *4 (W.D.N.C. Sept. 1, 2017). Further, vague billing descriptions are disfavored, particularly when they do not provide "sufficient information" for this Court to review the reasonableness of the tasks performed. See Eschert v. City of Charlotte, 2017 WL 3840275 at *4 (W.D.N.C. Sept. 1, 2017); see also Brown v. Mountainview Cutters, LLC, 222 F. Supp. 3d 504, 514 (W.D. Va. 2016). The burden of proving the reasonableness of the fees requested is on the Plaintiff. See Robinson v. Equifax Info. Svcs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). Because Plaintiff has provided this Court with no basis from which to conclude the requested fees for Senior and Assisting Support Staff are reasonable, the Court excludes the fees for the support staff and only awards attorney fees totaling $220,965.

Finally, the undersigned is unpersuaded by Defendant's argument that Plaintiff's pre-appeal fees in the amount of $38,850 is waived for want of a timely filing under Rule 54(d) of the Federal Rules of Civil Procedure. Defendant appealed this Court's Final Judgment (Doc. No. 53), the jury verdict (Doc. No. 52), and "all orders and oral pronouncements" which required Plaintiff to cross-appeal in order to protect his interests. See (Doc. No. 115). The Fourth Circuit issued its unpublished opinion in favor of Plaintiff which affirmed the judgment of this Court in part, reversed in part, and vacated in part. (Doc. No. 126). The Fourth Circuit's judgment took effect upon issuance of its Mandate on November 6, 2020. (Doc. No. 128). Plaintiff timely filed

his second Motion for Attorney's Fees for the appellate fees within fourteen days of the Fourth Circuit's Mandate being issued. See Fed. R. Civ. P. 54(d)(2)(B). Therefore, Plaintiff's second Motion for Attorney Fees was filed *before* this Court entered the judgment per the Fourth Circuit's decision. (Doc. No. 142). Accordingly, Plaintiff's pre-appeal attorney's fees are not time barred.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's second Motion for Attorney Fees (Doc. No. 131) is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded attorney's fees in the amount of $220,965, exclusive of fees for support staff and with no further enhancements.

IT IS SO ORDERED.

Signed: July 19, 2021

_____
Frank D. Whitney
United States District Judge